IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SOLOMON EVERFIELD, III | § | |
| VS. | § | CIVIL ACTION NO.   1:23-CV-458 |
| IAH DETENTION CENTER FACILITIES MEDICAL DEP'T | § | |

## **MEMORANDUM OPINION REGARDING TRANSFER**

Plaintiff Solomon Everfield, III, a prisoner confined at the IAH Detention Center in Livingston, Texas, proceeding *pro se*, filed this civil rights action against the medical department of the IAH Detention Center.

### Discussion

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.  Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiff's Complaint concerns allegations that he is not receiving adequate medical treatment at the IAH Detention Center in Livingston, Texas.  The IAH Detention Center is located in the boundaries of the Lufkin Division of the United States District Court for the Eastern District of Texas.  Although venue is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interests of justice would be served by transferring this

action to the division in which the claims arose. Therefore, the Complaint should be transferred to the Lufkin Division. It is accordingly

**ORDERED** that this civil rights action is **TRANSFERRED** to the Lufkin Division of the United States District Court for the Eastern District of Texas.

**SIGNED this the 3rd day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE