IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

SOLOMON EVERFIELD, III, ET AL.       §

VS.                                  §                    CIVIL ACTION NO. 9:24cv1

IAH DETENTION CENTER FACILITIES      §
MEDICAL DEPARTMENT

O R D E R

Plaintiff Solomon Everfield, III, proceeding *pro se*, filed the above-styled civil rights action pursuant to 42 U.S.C. § 1983.  The complaint, however, is also signed by the following three other inmate plaintiffs: Terance Green, Derald Garrett, and Mark V. McReid.

The plaintiffs in this action are all inmates confined at the IAH Detention Center located in Livingston, Texas.  Additionally, the plaintiffs are proceeding *pro se* without the assistance of counsel.  This situation raises concerns regarding the management of the case.

Multiple plaintiffs in prisoner *pro se* matters is not favored because of concerns with court security and the court's need to control the number of inmates inside the courtroom at any one time. Additionally, a multiple-party prisoner case is problematic because the litigants are non-lawyers who are proceeding *pro se* without the assistance of learned counsel and the circumstances of confinement are not compatible with multiple party *pro se* prisoner litigation.  *See Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, at *5 (D.N.J. 2008) (collecting cases and noting difficulties such as the transitory nature of jail populations and the need for each plaintiff to sign every pleading).  Further, because each prisoner must pay the full filing fee in accordance with the Prison Litigation Reform Act, severance would eliminate potential administrative problems

associated with the collection of multiple filing fees in the same action. *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (finding severance proper in multi-plaintiff prisoner action proper to prevent plaintiffs from circumventing PLRA's unambiguous requirement that each plaintiff must pay the full filing fee); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision). Finally, each plaintiff's claims and damages will be unique to the particular plaintiff.

The decision whether to sever or consolidate is discretionary with the court. *See Dillard v. Merrill Lynch, Pierce, Fenner Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992) (refusal to consolidate), *cert. denied*, 506 U.S. 1079 (1993); *Hammons v. Adams*, 786 F.2d 1253 (5th Cir. 1986) (severance); *see also Neal v. Williams*, No. 96-10688, slip op. at 9 (5th Cir. November 20, 1996) (affirming severance of prisoner cases and denial of motion to consolidate).[1]

After reviewing all relevant factors, it is the opinion of the undersigned that the maintenance of this case as a single civil action will be problematic for many reasons and poses a potential problem for court security. Additionally, the reasoning of the Eleventh Circuit in *Hubbard* is compelling. Prisoners cannot be allowed to evade the language or intent of the PLRA by filing multi-party actions without paying the full filing fee required by the Act. Accordingly, the case should be severed into separate civil actions. It is therefore

**ORDERED** that the claims of the individual plaintiffs shall proceed as separate actions. The Clerk of Court is directed to **SEVER** the claims of plaintiffs Terance Green, Derald Garrett, and

---

[1] While *Neal v. Williams*, is not binding precedent on the court, the undersigned finds the case persuasive as to the issue presently before the court.

Mark V. McReid from this action and assign such claims to a separate civil action number. The resulting cases should be assigned according to the regular practice for allotment of newly-filed civil actions. Only the claims brought by plaintiff Solomon Everfield, III shall remain in the above-styled action.

SIGNED this 19th day of July, 2024.

Zack Hawthorn
United States Magistrate Judge