| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

SOLOMON EVERFIELD, III, §
§
Plaintiff, §
§
*versus* § CIVIL ACTION NO. 9:24-CV-1
§
IAH DETENTION CENTER FACILITIES §
MEDICAL DEPARTMENT, §
§
Defendant. §

**ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Solomon Everfield, III, an inmate confined at the IAH Detention Center located in Livingston, Texas, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the action without prejudice. To date, the parties have not filed objections to the report.

The court received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. After careful review, the court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.

In his original handwritten complaint, plaintiff failed to name a defendant and did not clearly identify the claims he wishes to pursue. Therefore, on July 19, 2024, plaintiff was provided a Civil Rights Form and twenty days in which to submit the form specifically identifying any claims he wishes to bring, the parties to the lawsuit, a statement of his claims, the relief requested, and additional background information.

As of this date, plaintiff has failed to comply with the order of the court. Plaintiff filed a notice to the court on September 6, 2024, indicating he had filed his lawsuit against the IAH Center Facilities Medical Department, not one particular individual. While plaintiff did identify

the defendant in the action as IAH Detention Center Facilities Medical Department, he did not specifically identify or clarify any claims he wishes to bring or relief requested, nor did he provide a statement of his claims or provide any additional background information, as ordered. Accordingly, the complaint should be dismissed for want of prosecution. Further, in the alternative, plaintiff's claims lack merit and should be dismissed as frivolous and for failure to state a claim upon which relief may be granted even affording the pleadings liberal construction.

Plaintiff states he is filing a criminal negligence complaint pertaining to the medical department and medical administration at the facility concerning the alleged improper, unfair, and poor investigation of his grievances. "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). Further, inmates do not have a constitutionally protected liberty interest in having their complaints resolved to their satisfaction, and so there is no constitutional violation when prison officials fail to do so. *See Geiger,* 404 F.3d at 373-74 ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As plaintiff relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless").

Finally, plaintiff's disagreement with medical personnel concerning whether he had a seizure or suffered from vertigo lacks merit. Unsuccessful medical treatment, acts of negligence or medical malpractice, and disagreements as to diagnosis or treatment do not constitute deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Dissatisfaction with medical treatment or diagnosis does not constitute "deliberate indifference" to a serious medical need and does not rise to the level of the denial of a constitutional right. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of

egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Plaintiff's claims fail to rise to the level of a constitutional violation and should be dismissed.

Accordingly, the Report and Recommendation of the United States Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 12th day of November, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE